The Honorable Marc L. Barreca
Chapter 11
Hearing Location: Seattle, Room 7106
Hearing Date: October 21, 2011
Hearing Time: 9:30 a.m.
Response Date: October 14, 2011

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>SHULKIN HUTTON INC., P.S.<br><br>Debtor. | Case No. 10-24665- MLB<br>Chapter 11 |
| SHULKIN HUTTON, INC.,<br>a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACOB G. BUTTNICK,<br>a Washington Individual,<br><br>Defendant. | Adversary No.: 11-01351<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BREACH OF ORAL CONTRACT |

COMES NOW the debtor, Shulkin Hutton, Inc., P.S., the plaintiff in this adversary proceeding, and respectfully requests this Court enter summary judgment against the defendant, Jacob G. Buttnick.

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 1*

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

## II. STATEMENT OF FACTS

Shulkin Hutton, Inc., P.S., is a Mercer Island law firm. Its principal, Jerome Shulkin, has been practicing law in the State of Washington since 1956. Declaration of Jerome Shulkin dated September 22, 2011 ("Shulkin Decl.") at ¶ 1. In January 2009, Jacob G. "Jack" Buttnick contacted plaintiff seeking legal services. On January 27, 2009, the parties met and following this meeting and some initial research into the case, Shulkin began representing Buttnick in an ongoing bankruptcy matter, referred to by the parties as the "Jolan Bankruptcy." (*In re Jolan, Inc.*, W.D. Wash. Bankruptcy No. 09-10411; *see* Shulkin Decl., Ex. 2.) Shulkin provided legal services to Buttnick from January 2009 through March 23, 2010. *See* Shulkin Decl., ¶ 18 & Ex. 3.

Over the course of the attorney / client relationship, Shulkin provided legal services totaling $83,148.85. *Id.* The lion's share of this amount was for Mr. Shulkin's time – 224.40 hours over the 14-month period of the representation. In addition, associate attorneys at Shulkin Hutton (Afton Ekemo, Justin I. Mishkin and Daniel Klein) worked a total of 52.4 hours on behalf of Mr. Buttnick. *Id.*, Ex. 2. The firm incurred miscellaneous expenses totaling $44.25, court reporter fees of $447.60 and filing fees of $505, for total advances of $970.55. Over the course of the representation, Buttnick made four payments toward fees, as follows:

| Date | Description | Amount |
|---|---|---|
| 2/20/09 | Payment | -1,000.00 |
| 5/01/09 | Payment (complaint filing fee) | - 250.00 |
| 8/21/09 | Payment (filing fee – partial) | - 100.00 |
| 11/19/09 | Payment (filing fee – partial) | - 75.00 |

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT* – 2

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

Case 11-01351-MLB    Doc 10    Filed 09/22/11    Ent. 09/22/11 15:27:46    Pg. 2 of 10

| | |
|---|---|
| **TOTAL PAYMENTS** | **- 1,425.00**[1] |

*Id.*, Ex. 2 at 48. The breakdown of hours worked by Shulkin Hutton attorneys is presented in Mr. Shulkin's Declaration at ¶¶ 4-16. The billing statement and Mr. Shulkin's declaration evidences that Buttnick was a demanding client. Shulkin spent approximately **one hundred and seven hours** personally meeting and speaking with Buttnick about his many issues, and this figure includes only those telephone calls initiated by Buttnick himself. Shulkin Decl., ¶ 5. Another 83.4 hours ($22,249.50) were dedicated to review of court filings, research, telephone calls to or from the Trustee's attorney, drafting court filings and making court appearances. Combined, these tasks equal 190.4 hours – almost **seventy percent** of the total fees incurred by Buttnick. By the time the parties' attorney/client relationship ended, Buttnick owed Shulkin fees and costs totaling $82,719.85. *Id.*, Ex. 3 at 48.

Buttnick did not question or dispute the fee amount until early 2010. Instead, he frequently volunteered that he knew fees were mounting. *Id.* at ¶ 17. Buttnick's complaints began only when Shulkin indicated he was unable to continue the representation without a substantial infusion of fees form Buttnick. After Buttnick failed to pay down the debt owed to Shulkin Hutton, Shulkin withdrew from representing him. *Id.*, ¶ 18. Shulkin and Buttnick discussed fees several times throughout the 14-month attorney/client relationship and Buttnick made sporadic payments to Shulkin, as set forth above. *Id.*, Ex. 2 at p. 48. Buttnick claimed to be in financial distress and Shulkin was sympathetic. He looked for possible avenues of compromise. *Id.*, ¶ 18. Buttnick refused, however, to make *any* significant effort either to pay

---

[1] In addition to these payments, $800 toward Buttnick's bill was received from a third party (Buttnick's tenant, who paid fees incurred in the preparation of a lease). Shulkin Decl., ¶ 18.

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 3*

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

the bill or provide security for the debt. *Id.* In or about March 2010, Shulkin withdrew from the representation and prepared a statement covering the entire period of representation, which he forwarded to Buttnick. Shulkin Decl., ¶ 18 & Ex. 3. Buttnick has failed and refused to pay the amount owed, or any portion thereof. *Id.*, ¶ 18.

Plaintiff filed a lawsuit to recover the fees owed in April 2010 in King County Superior Court. (*Shulkin Hutton, Inc., v. Jacob G. Buttnick,* King Cty. Cause No. 10-2-13453-1 SEA.) The matter was removed to the Bankruptcy Court in April, 2011. The trial date in this matter is December 5, 2011.

## II. AUTHORITY AND ARGUMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[2] The nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain. *Seven Gables Corp v. MGM/UA Entm't Co.*, 106 Wn.1, 13, 721 P.2d 1 (1986).

A.  **The Parties Entered into an Oral Contract.**

There is no dispute that Buttnick sought legal services from Shulkin,[3] that Shulkin agreed to provide the services[4] and that both parties understood a fee would be charged for these services. *See id.*, ¶ 17 & Ex. 6 at ¶¶ 4-5. More specifically, the parties agree that Shulkin represented Buttnick, primarily in the Jolan matter, from January 2009 until March 2010,

---

[2] Fed.R.Civ.P. 56 is applicable in adversary actions pursuant to Federal Rules of Bankruptcy Procedure 7056.
[3] Shulkin Decl., Ex. 4 (Response to Request for Admission Nos. 1 and 7).
[4] *Id.*, Ex. 5 (Response to Request for Admission No. 2).

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT* – 4

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

fourteen months during which they were in frequent contact about Jolan and other business matters concerning Buttnick. *See id.* at Exs. 2-4 and 6.

B. **Buttnick Breached the Contract.**

The parties do not dispute the fact that Buttnick made only four payments in the course of the 14-month representation, and that these payments totaled only $1,425 – barely enough to cover the costs advanced by the firm. Shulkin Decl., Ex. 3 at p. 48. Mr. Buttnick's defense in the state court consisted largely of a claimed ignorance of the fact that Mr. Shulkin wished to be paid for his work. *Id.*, Ex. 6. This is simply not credible. Mr. Buttnick describes himself as a "sophisticated real estate investor" who regularly works with professionals such as real estate agents. *See id.*, Ex. 6 at ¶ 7. In King County Superior Court alone, Buttnick has been a party to eight lawsuits in the last 10 years. *Id.*, Ex. 5.[5] Given that Buttnick is a self-described "sophisticated" businessperson who is not a stranger to lawyers or the court system, his assertion that he believed Shulkin worked for over a year on his case for $5,000 to $10,000 is absurd, and does not rise to the level of an issue of material fact.

C. **Shulkin Hutton Suffered Damages in the Amount of $81,919.85 Plus Interest Thereon.**

The principal amount of Mr. Shulkin's damages is set forth on his billing statement and in the Shulkin Declaration -- $81,919.85. This is the total amount of the hours worked multiplied by the usual hourly rates of the attorneys who provided professional services to Mr.

---

[5] Strangely, in answer to an interrogatory asking him to name each lawsuit to which he had been a party in the last ten years, Buttnick answered, "[a]s of the date of service in this matter, Defendant believes that he has not been a party to any lawsuit." Shulkin Decl., Ex. 4 (Answer to Interrogatory No. 6). A simple search of the Washington Courts website proves otherwise.

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 5*

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

Buttnick, less the amount ($1,425) already paid by Buttnick and his tenant ($800). Shulkin is entitled to the benefit of his bargain, i.e., whatever net gain he would have made under the contract had Buttnick performed. *Lincor Contractors Ltd. v. Hyskell*, 39 Wash. App. 317, 320-21, 692 P.2d 903, 906 (1984). Here, the parties entered into an oral contract under which Shulkin agreed to provide legal services to Buttnick in return for payment. The lack of an hourly rate in this agreement does not entitle Buttnick to obtain Shulkin's services for free or for a cost of his own choosing. Rather, Shulkin's recovery may be based on quantum meruit, "'a Latin phrase meaning "as much as he deserves" [and] "based on the premise that one who uses and enjoys the labor and materials of another should not be unjustly enriched thereby."' *Ausler v. Ramsey*, 73 Wn. App. 231, 232 n.1, 868 P.2d 877 (1994) (quoting Black's Law Dictionary 1119 (5th ed. 1979)). "Quantum meruit is an equitable remedy provided when a contract between two parties has failed." *Id.*'" *RWR Mgmt., Inc. v. Citizens Realty Co.*, 133 Wn. App. 265, 275, 135 P.3d 955 (2006).

Mr. Shulkin's hourly rates, and those of his associates, are reasonable given their expertise in the subject matter and the number of years each has been practicing in this area. Shulkin Decl., ¶¶ 19-20. Mr. Shulkin, for example, has been a member of the Washington State Bar for 55 years and during those years his practice focused on bankruptcy issues. $325 an hour is a reasonable rate for an attorney of his experience practicing in the Seattle area. Shulkin Decl., ¶ 19.

Buttnick has argued in the past that the fees charged were unreasonable, but has offered no evidence of this beyond his own argumentative declaration. The billing statements outline the tasks undertaken by Mr. Shulkin, including preparation, filing and analysis of multiple

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

motions and objections in the Bankruptcy Court (*see id.* at ¶¶ 6-9) and related court appearances (*id.*, ¶¶ 8-9, 11-12), advising Buttnick regarding bankruptcy procedures such as the fixtures auction, and negotiating multiple matters with multiple parties – the Trustee, the debtor, Evergreen Bank and the Historical Seattle Preservation and Development Authority ("Historic Seattle"), among them. *Id.*, ¶¶ 10, 13. Buttnick also turned to Mr. Shulkin for assistance in re-letting the property and although he now claims he did not require this assistance, he sought it, telephoning Mr. Shulkin on multiple occasions to discuss various potential lessees and lease points. *See id.*, Ex. 3, *passim*. Buttnick previously complained that he was billed for many telephone calls. It is true that Shulkin billed Buttnick for meetings and telephone calls. It is equally true that fully 40% of the billings are for time spent in face-to-face meetings with Buttnick or his associates or in telephone calls that Buttnick originated. Shulkin can hardly be blamed for answering his telephone, and Buttnick cannot have a reasonable expectation that he would not pay for the reasonable cost of services performed directly in front of him (a meeting) or performed in response to a telephone call from him.

Buttnick has also suggested that Shulkin's assistance with lease matters was beyond the scope of the parties' oral agreement, but this is unavailing. "Although a contractor is presumed to be bound by the terms to which he agreed, he cannot be presumed to have bargained away his right to claim damages resulting from changes the parties did not contemplate when making the contract." *RWR Mgmt.* at 276, 135 P.3d at 961. "Quantum meruit case damages are measured by the reasonable value of the benefit conferred on the defendant. The burden is on the plaintiff to prove the reasonable value of the services rendered." *Id.* at 277, 135 P.3d 961

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

(internal citations omitted). Here, Shulkin has provided a detailed billing statement accompanied by his declaration regarding reasonableness. His damages should therefore be measured according to his usually hourly rate.

D. **Shulkin Hutton is Entitled to Recover Pre-Judgment Interest on the Amount Owed from April 4, 2010 to the Date Judgment is Entered.**

Shulkin Hutton is entitled to prejudgment interest on the fee amount. This amount was fully liquidated as of the date of the final billing statement, April 4, 2010.

> [W]hether prejudgment interest is awardable depends on whether the claim is a liquidated or readily determinable claim, as opposed to an unliquidated claim. *See, e.g., Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968); *Mall Tool Co. v. Far West Equip. Co.*, 45 Wn.2d 158, 273 P.2d 652 (1954); *Parks v. Elmore*, 59 Wash. 584, 110 P. 381 (1910). *Prier*, at 32. The rule is stated: Interest prior to judgment is allowable (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.

*Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662, 665 (Wash. 1986).

The rate of interest is the state interest rate of 12% as set forth at RCW 4.56.110(4). "Where a claim 'arose under state law, the award of prejudgment interest . . . is also governed by state law.'" *In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997) (internal citation omitted).

### III. CONCLUSION

This is a straightforward case involving the breach of an oral agreement for legal services. The plaintiff has provided evidence that the rates charged by Shulkin Hutton, Inc., P.S., were reasonable, and under the quantum meruit theory of recovery, the reasonable value of the work performed is the measure of the damages. Therefore, the plaintiff respectfully

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 8*

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

requests that the Court enter summary judgment in favor of the plaintiff in the principal amount of $82,719.85 plus prejudgment interest at the rate of 12% per annum from April 4, 2010 to the date of entry of the judgment, and accruing post judgment interest at the federal rate.

RESPECTFULLY SUBMITTED this 22nd day of September, 2011.

> BARRETT & GILMAN
> /s/_____
> Thomas L. Gilman, WSBA #8432
> 1000 Second Ave, Ste 3500, Seattle, WA 98104
> 206-464-1900
> **tgilman@bgseattle.com**
> Attorneys for Debtor/Plaintiff

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

Case 11-01351-MLB    Doc 10    Filed 09/22/11    Ent. 09/22/11 15:27:46    Pg. 9 of 10

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury that on the date given below I caused the foregoing pleading to be served as follows:

Jacob Buttnick

VIA U.S. MAIL:
Jack Buttnick
PO Box 4860
Seattle WA 98194

VIA EMAIL: RINGO1341@hotmail.com

Signed at Seattle, Washington 22nd day of September 2011.

_____
J Micheau

*PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 10*

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 464-1900

Case 11-01351-MLB    Doc 10    Filed 09/22/11    Ent. 09/22/11 15:27:46    Pg. 10 of 10